UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| VICTORIA RUTH ASHLEY,        )<br>     Plaintiff,              )<br>                              )<br>v.                            )<br>                              )<br>CAROLYN W. COLVIN,            )<br>     Commissioner of Social Security, )<br>     Defendant.              ) | Case No: 4:12-cv-86<br>Mattice/Carter |

## REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's Motion for Judgment on the Administrative Record (Doc. 11) and Defendant's Motion for Summary Judgment (Doc. 12).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

### Plaintiff's Age, Education, and Past Work Experience

Plaintiff was 51 years old at the time of the ALJ's decision (Tr. 9, 104, 107). She has completed one year of college education, and has past relevant work history as a case aide, unit clerk, and waitress (Tr. 28, 36-37, 123-124, 126, 140-147).

## Applications for Benefits

Plaintiff filed applications for a period of disability, disability insurance (DIB), and Supplemental Security Income benefits on April 15, 2009 (Tr. 104-108). She alleges a disability onset date of April 15, 2008, and her date last insured for DIB is December 31, 2013 (Tr. 14, 104, 107). Her applications were denied initially and upon reconsideration (Tr. 45-53, 56-61). Subsequently, Plaintiff pursued and exhausted her administrative remedies available before Defendant, including a hearing before an Administrative Law Judge (ALJ) (Tr. 1-6, 9-41). This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. Id. If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; Skinner v. Secretary of Health & Human Servs., 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case that he/she cannot return

2

to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. Richardson v. Secretary, Health and Human Servs., 735 F.2d 962, 964 (6th Cir. 1984); Noe v. Weinberger, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); Landsaw v. Secretary, Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. Ross v. Richardson, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994) (citing Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir. 1986)); Crisp v. Secretary, Health and Human Servs., 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since April 15, 2008, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*).

3. The claimant has the following severe impairments: stenosis of L3-4 and L4-5 (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments

3

       in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.9667(b).

6.     The claimant is capable of performing past relevant work as a case aide, unit clerk and waitress. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.     The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f).

(Tr. 14-18).

<u>Issue Presented</u>

1. Whether the ALJ erred by not giving proper weight to the opinion of the Plaintiff's treating physician as required by statute, case law, and applicable rulings (SSR 96-2p).

2. Whether the ALJ erred by failing to include a function-by-function assessment in the RFC assessment as required by SSR 96-8p.

3. Whether the credibility of claimant's statements were properly evaluated and assessed as required by SSA Ruling 96-7P.

<u>Relevant Facts</u>

    A.    <u>Medical Evidence</u>

Dr. Richard Fishbein began treating the claimant in 1990 following a work-related back injury. He also treats the Plaintiff for left hip and left leg pain. On August 13, 2007, Dr. Fishbein drafted a letter noting that the Plaintiff suffers from severe back, left hip, and left leg pain which is debilitating at times but not completely disabling. He assigned limitations of lifting no more than five pounds repetitively, sitting no more than twenty minutes at one time, and standing no more than thirty minutes at one time. He opined that mentally she functions well however there

4

may be some reduction in mental clarity when her pain is at its greatest (Tr. 184).

In February of 2008, Dr. Fishbein referred to his treatment for Plaintiff's lower back, left hip and left leg pain. He noted she worked continuously despite her pain. Plaintiff was contemplating becoming a Registered Nurse and Dr. Fishbein concluded her disabilities would not preclude this profession. He noted that she would only be able to work as a Registered Nurse with her disabilities because that career has so many different fields in which she could work (Tr. 182).

Treatment notes from June 9, 2008 show complaints of worsening and constant leg pain and well as side effects from medication which was causing dizziness and lightheadedness. That medication was discontinued (Tr. 179). On May 8, 2008, Plaintiff complained that sitting and standing for extended periods makes her pain worse (Tr. 180).

On June 19, 2009, a physical examination revealed decreased cervical and lumbar motion as well as tenderness to palpation throughout the paracervical and paralumbar musculature. Dr. Fishbein noted that the claimant has a "guarded prognosis." She was to continue her home exercise program (Tr. 215).

Notes from July 14, 2009 reflect bilateral hip pain and low back pain radiating to the feet with associated numbness (Tr. 231). A physical examination confirmed a limping gait, painful decreased lumbar ROM, and a positive straight leg raise. Dr. Fishbein noted that her symptoms seemed to be progressing (Tr. 231). A visit on August 18, 2009, showed continued complaints of low back pain radiating to the feet with associated numbness (Tr. 226). On July 17, 2008, Dr. Fishbein noted that the claimant would benefit from a three level fusion Tr. 177).

An MRI of the lumbar spine, reviewed by Dr. Fishbein on August 19, 2009, showed vertebral body height and alignment to be normal. There was mild degenerative fatty marrow infiltration and sclerosis at the L5-S1 level. No other significant marrow signal abnormalities

5

were found. Intervertebral discs were desiccated throughout the lumbar spine with disc space narrowing most advanced at L5-S1. The conus was normal in position and appearance. There was no significant abnormality at T12-L1 and L1-2. At L2-3 there was minimal disc bulge, mild facet arthropathy, and hypertrophy. There was mild mass effect on the thecal sac and slight left lateral recess stenosis. There was slight bilateral foraminal stenosis. At L3-4 there was slight diffuse disc bulge, mild to moderate facet arthropathy and overgrowth, mild bilateral lateral recess stenosis and slight central canal stenosis. Mild foraminal stenosis was greater on the right. At L4-5 there was minimal central annular tear, slight diffuse disc bulging without focal protrusion. There was mild bilateral lateral recess stenosis and slight central canal stenosis with mild bilateral foraminal stenosis. Finally, at L5-S1 there was mild diffuse spondylosis and disc bulging, slight facet arthropathy with a mild mass effect on the epidural fat and lateral recess without significant nerve root displacement. There was mild bilateral foraminal stenosis.

The impression from the MRI was mild lateral recess stenosis and slight central canal stenosis at L3-4 and L4-5 and mild bilateral foraminal stenosis. There was mild effacement of the left lateral recess at L2-3 without significant central canal stenosis. Slight foraminal stenosis was found with mild effacement of the lateral recesses at L5-S1, greater on the right without central canal stenosis with mild foraminal stenosis (Tr. 224).

On November 10, 2009, Dr. Fishbein reported use of Lidoderm patches and lotion with Percocet and Valium. Back pain was unchanged. He recommended exercise for weight loss and strength, and further noted it seemed to be helping her back (Tr. 218).

On December 8, 2009, Dr. Fishbein noted that her prognosis continues to be guarded due to chronic low back pain (Tr. 212).

Dr. Fishbein completed a Physical Medical Source Statement on February 23, 2010. It was his opinion that the Plaintiff was unable to sit, stand, or walk for a full eight-hour work day

6

due to low back pain with radiculopathy (Tr. 248). He also assigned limitations in reaching, pushing, and pulling as well as all posturals besides climbing stairs (Tr. 250).

A physical examination on June 21, 2011, revealed decreased ROM, marked tenderness to palpation throughout the lumbar musculature, and a positive straight leg raise on the left. Dr. Fishbein recommended continued home exercise and opined she was unable to work (Tr. 277).

A consultative examiner, Dr. Darrell Rinehart, examined Plaintiff on July 30, 2009, and observed that Plaintiff's ranges of motion were normal in all joints; she got up and down from the exam table without difficulty; and she performed the heel walk, the toe walk, and the heel-toe walk (Tr. 186). Dr. Rinehart noted that Plaintiff was able to bend over and touch her toes, squat and arise, and perform the straight leg lift at 45 to 50 degrees with only mild low back pain (Tr. 186). He found her muscle strength was four out of five in all groups (Tr. 187).

Dr. Rinehart concluded that Plaintiff demonstrated "good mobility and performed all maneuvers well without difficulty" (Tr. 187). In addition, he opined that she has no physical limitations (Tr. 187).

The record also contains the opinions of state agency medical consultants. Dr. Charles S. Settle reviewed the record on September 15, 2009 and Dr. James N. Moore affirmed the finding of Dr. Settle on February 1, 2010 (Tr. 194-197, 234). Both consultants, after their review of the evidence of record, concluded Plaintiff's condition does not satisfy the threshold requirement of being "severe" (Tr. 194, 234).

Dr. Deborah Doineau performed a consultative examination on September 9, 2009. During the evaluation, Plaintiff reported taking Valium for sleep and anxiety (Tr. 189). Dr. Doineau's diagnostic impression was Adjustment Disorder with depressed mood. Her medical assessment was:

   1. Understanding or remembering: No limitations.

7

2. Sustaining concentration or pace: Mild limitations.
   3. Social: No limitations.
   4. Adaptability: No limitations
   5. Mental capability: Capable of managing funds.

Analysis

*Weight Given to the Treating Physician:*

Plaintiff argues that the Commissioner erred in not considering and giving proper weight to the opinion of treating physician Dr. Richard Fishbein. The Commissioner asserts the ALJ was not required to adopt the debilitating limitations assessed by the treating physician. For reasons that follow, I conclude that there is substantial evidence to support the Commissioner's decision.

A treating source opinion should be given controlling weight only when it is well-supported by clinical and laboratory findings and is consistent with the other evidence of record. *See* 20 C.F.R. §§ 404.1527(c)(2)-(4), 416.927(c)(2)-(4); *Crouch v. Secretary of Health & Human Servs.*, 909 F.2d 852, 856 (6th Cir. 1990). The supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p, 1996 WL 374188 (S.S.A.) *2 (1996). The Commissioner is not bound by a mere conclusory statement of a treating physician, particularly where it is unsupported by detailed, objective criteria and documentation. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

If an ALJ does not give controlling weight to the opinion of a treating source, the ALJ

8

determines what weight the opinion is due based on the factors set forth in 20 C.F.R. §§ 404.1527, 416.927, including whether the opinion is supported by sufficient evidence and whether the opinion is consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). If an ALJ declines to accord controlling weight to a treating physician opinion, the ALJ must provide good, specific reasons for the weight accorded the opinion. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This is a procedural safeguard ensuring that a claimant understands the disposition of his or her case, and that the ALJ applied the treating physician rule so as to provide meaningful judicial review of that application. *See id.* at 544-45.

The Commissioner argues controlling weight should not be given to Dr. Fishbein noting that it is error to give controlling weight to the opinion of a treating source if the opinion is not well-supported by the clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p. The Commissioner goes on to argue opinions offered by any medical source on issues such as whether the claimant is disabled under the Act are not medical issues relating to the nature and severity of the individual's impairments. Rather, they are administrative findings dispositive of a case and hence reserved to the Commissioner. While such opinions must not be disregarded, they can never be entitled to controlling weight or given special significance. They must be evaluated in light of the applicable factors in 20 C.F.R. §§ 404.1527(c), 416.927(c), including the degree to which the opinion provides supporting explanations and is consistent with the record as a whole. See <u>Myatt v. Comm'r of Soc. Sec.</u>, No. 07-5179, 2007 WL 3023485, at * 2 (6th Cir. Oct. 16, 2007) (confirming no special significance is given to a treating source's disability opinion, though ALJ must still explain the consideration given to it) (Doc. 13, Commissioner's Memorandum at 5).

9

In his Decision the ALJ gave many reasons for affording Dr. Fishbein's opinion only "some" weight (Tr. 16-17, 247-252, 287). First, the ALJ found little support for his opinion in his treatment notes (Tr. 16-17, 168-181, 183, 212, 215-221, 226, 231-232, 277-300). As the Commissioner notes, Dr. Fishbein treated Plaintiff on many occasions over an extended period of time. However, his notes from each visit are brief, similar in content, and do not indicate to what extent he examined her (Tr. 168-181, 183, 212, 215-221, 226, 231-232, 277-300). His treatment records contain few objective findings, and the only MRI results reflect essentially mild abnormalities (Tr. 168-181, 183, 212, 215-221, 224, 226, 231-232, 277-300). Thus, Dr. Fishbein's opinion of debilitating limitations is not entitled to great weight (Tr. 16-17). See 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.").

The ALJ also explained that Dr. Fishbein's opinion is not consistent internally or with the other evidence of record (Tr. 16-17, 247-252, 287). See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); see also White v. Comm'r of Soc. Sec., 572 F.3d 272, 286 (6th Cir. 2009) (ALJ did not err in discounting treating psychiatrist's assessment where it was conclusory and inconsistent with the psychiatrist's prior evaluation and other evidence). Previously, in 2008, Dr. Fishbein opined that Plaintiff had disabilities, but they did not preclude all work (Tr. 185). He noted discussing with Plaintiff her desire to become a registered nurse (Tr. 185). He stated, "I do not think her disabilities would preclude her from the duties of a registered nurse, since this type of career has so many different fields" (Tr. 185). This is not consistent with Dr. Fishbein's subsequent assessment of disability and provides substantial evidence to support the ALJ's decision not to adopt all of the limitations he assessed (Tr. 247-

10

252, 287).

The ALJ explained that Dr. Fishbein's statement, that the described limitations had been present since December 1990, is inconsistent with evidence that Plaintiff earned substantial income for 2001 through 2008 and performed work requiring at least light exertion (Tr. 16-17, 36-37, 123-124, 140-147, 252). Furthermore, the ALJ found Dr. Fishbein's opinion inconsistent with the findings of consultative examiner Dr. Rinehart, whose finding of no limitations is well-supported by the objective examination findings discussed above (Tr. 16-16. 186-187). In fact, while Dr. Fishbein found Plaintiff almost precluded from performing postural movements, Dr. Rinehart observed her bending to touch her toes and squatting and rising (Tr. 186-187, 247-252, 287). Moreover, the ALJ found Dr. Fishbein's assessment inconsistent with Plaintiff's treatment records from the Health Department, which reflect she has an active lifestyle (Tr. 16, 261-263).

The record also contains the opinions of two state agency physicians which were inconsistent with the disabling opinion of Dr. Fishbein. Dr. Charles S. Settle reviewed the record on September 15, 2009 and Dr. James N. Moore affirmed the finding of Dr. Settle on February 1, 2010 (Tr. 194-197, 234). Both consultants, after their review of the evidence of record, concluded Plaintiff's condition does not satisfy the threshold requirement of being "severe" (Tr. 194, 234).

On the basis of the conflicting evidence from Dr. Reinhart and the two state agency physicians, Plaintiff's reported activities and the relatively mild abnormalities in the MRI, I conclude there is substantial evidence to support the ALJ's decision not to adopt Dr. Fishbein's opinion.

11

*The RFC Assessment:*

Plaintiff argues the ALJ's decision does not include a function-by-function assessment. In response the Commissioner notes that the ALJ is responsible for assessing a claimant's RFC, and the ALJ in this case did his duty of considering the medical and other evidence of record in making that assessment (Tr. 15-17). See 20 C.F.R. §§ 404.1513(b), 404.1527, 404.1545, 404.1546(c), 416.913(b), 416.927, 416.945, 416.946(c). I agree with the Commissioner that the ALJ's RFC finding is supported by substantial evidence. Evidence in support the ALJ's determination included the objective medical findings; Plaintiff's daily activities; the opinions of consultative examiner Dr. Rinehart, who concluded Plaintiff had no impairment-related physical limitations; and experts Drs. Settle and Moore, who concluded Plaintiff's impairments were nonsevere and that Plaintiff's alleged pain and activities of daily living were only partially credible, exceeding objective clinical findings (Tr. 15-17). The ALJ clearly set forth Plaintiff's abilities and limitations in the decision in a manner that I conclude was legally sufficient (Tr. 15-17). See Delgado v. Comm'r of Soc. Sec., No. 00-4200, 2002 WL 343402 at *5 (6th Cir. Mar. 4, 2002) (rejecting claimant's argument that ALJ had failed to perform a function-by-function analysis as the ALJ had discussed the medical evidence on the disputed issues and explained the basis for his RFC finding).

*The Credibility Assessment:*

Plaintiff argues there was a failure to adequately evaluate and assess her credibility. Credibility determinations regarding subjective complaints rest with the ALJ, see Siterlet v. Sec'y of Health and Human Servs., 823 F.2d 918, 920 (6th Cir 1987), and his conclusions should be highly regarded. See Bradley v. Sec'y of Health and Human Servs., 862 F.2d 1224, 1227 (6th

Cir. 1988); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003) ("[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability.").

In order to establish disability based upon subjective complaints, the Sixth Circuit has set out a two-prong standard that a claimant must meet. The claimant must first demonstrate that there is objective medical evidence of an underlying condition. See 20 C.F.R. §§ 404.1529, 416.929. If there is, then the claimant must demonstrate that either: (1) the objective medical evidence confirms the severity of the alleged pain; or (2) the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. See Duncan v. Sec'y of Health and Human Servs., 801 F.2d 847, 853 (6th Cir. 1986); Felisky v. Bowen, 35 F.3d 1027, 1039 n.2 (6th Cir. 1994) (reiterating the continued validity of the Duncan pain analysis). A claimant's statements about pain are not alone conclusive evidence of disability. See 20 C.F.R. §§ 404.1529(a), 416.929(a).

In this case, I conclude substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are not fully credible (Tr. 16-17). Plaintiff failed to provide objective medical evidence confirming the severity of her alleged symptoms, and the record as a whole, as discussed by the ALJ, does not show that her condition is of disabling severity (Tr. 15-17). See 20 C.F.R. §§ 404.1529(c)(2)-(4), 416.929(c)(2)-(4); Walters v. Comm'r of Soc. Sec., 127 F.3d at 525, 531-32 (6th Cir. 1997). As mentioned above, Plaintiff's MRI revealed largely mild findings. Dr. Rinehart's objective findings on examination do not support her allegations of disability. He assessed no impairment-related limitations (Tr. 186-187, 224). The ALJ considered Plaintiff's testimony to be

13

inconsistent with her limited treatment records and with her own reported abilities (Tr. 15).

Discrepancies between a claimant's statements and the other evidence provide substantial evidence undermining a claimant's credibility. See 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (noting that in evaluating a claimant's subjective statements, consideration also must be given to any conflicts between the claimant's statements and the rest of the evidence). While Plaintiff testified and told Dr. Rinehart on July 30, 2009, that her pain radiates down her leg, she denied any radiating pain on March 24, 2009 when examined at the Health Department (Tr. 185, 264). Also, while she complained to Dr. Fishbein of numbness and pain, she admitted to the Health Department and at the hearing that she can walk distances of more than a mile, six days a week (Tr. 261, 264). She also disclosed to the Health Department that her fitness regimen includes cycling and use of an "ab" machine, and that she went go-kart riding (Tr. 264-265). She told the psychological consultant that she spent her days cleaning, preparing meals, doing laundry, reading, watching television and arranging appointments (Tr. 128, 194). These activities are not consistent with disabling pain and not consistent with complaints to Dr. Fishbein.

The ALJ also explained that he found Plaintiff's credibility reduced because of indication that she may be exaggerating her symptoms in order to obtain pain medication (Tr. 16, 264). Specifically, while she complained of neck pain and reported taking Tylenol when treated at the Health Department, the doctor reviewed Tennessee's Controlled Substance Monitoring and discovered her monthly prescriptions included Hydrocodone (Tr. 264). The doctor noted that Plaintiff was not forthcoming in admitting she had that medication until he confronted her with this report (Tr. 264). Plaintiff's treatment records are substantial evidence supporting the ALJ's credibility finding (Tr. 15-16).

14

I conclude the ALJ applied the correct legal standards in evaluating Plaintiff's case. The Sixth Circuit recognizes substantiality of the evidence must be based on the record as a whole. See Tyra, 896 F.2d at 1028.  The Commissioner, and not the Court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly.  See Perales, 402 U.S. 389, 402 (1971); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).  Even if this Court disagrees with the ALJ's resolution of the factual issues, and would resolve those disputed factual issues differently, his decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. *See Warner*, 375 F.3d at 390. Here, substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled.

Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner, and neither reversal nor remand is warranted on these facts. Accordingly, I RECOMMEND:

(1) The plaintiff's motion for judgment on the administrative record (Doc. 11) be DENIED.

(2) The defendant's motion for summary judgment (Doc. 12) be GRANTED.

(3) The case be DISMISSED. [1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).